No. 03-4141

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

DEC 0 8 2004

LEONARD GREEN, Clerk

WILLIE SANDERS, )
)
    Plaintiff-Appellee, )
)
v. )    O R D E R
)
CHRIS HILL; MAURICE O'BRIEN, Police )
Officers, individually and officially, CITY OF )
CINCINNATI, )
)
    Defendants-Appellants. )
)

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: SILER and CLAY, Circuit Judges; BERTELSMAN, District Judge.[*]

Defendants appeal a district court order that denied their motion for summary judgment on the basis of their defense of qualified immunity in this civil rights action filed under 42 U.S.C. § 1983. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Plaintiff Willie Sanders filed his complaint in the district court alleging that the defendant Cincinnati police officers unlawfully entered his home, arrested him without probable cause, used excessive force in arresting him, and maliciously prosecuted him. Sanders named the police officers in their individual and official capacities, and alleged that these defendants acted pursuant to the policy of the defendant City of Cincinnati. Sanders seeks compensatory and punitive damages.

Following discovery, Sanders filed a motion for a partial summary judgment, and defendants moved for summary judgment, based in part on a qualified immunity defense. Defendants filed a motion to amend their motion for summary judgment, and a response in opposition to plaintiff's

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

motion for summary judgment. Plaintiff filed a response in opposition to defendants' motion for summary judgment, and defendants filed a reply. The district court denied plaintiff's motion for a partial summary judgment and defendants' motion for summary judgment, and defendants filed a timely notice of appeal.

On appeal, defendants contend that they are entitled to qualified immunity. Plaintiff has filed a motion to dismiss this appeal, and contends in his brief on appeal that this court lacks jurisdiction to consider issues other than the question of whether defendants are entitled to qualified immunity viewing the facts in the light most favorable to plaintiff. Defendants have responded to plaintiff's motion to dismiss the appeal, and concede in their reply brief that they accept plaintiff's facts as true for purposes of this appeal.

Upon de novo review, *see Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004), we will deny the motion to dismiss, and affirm the district court's order. Qualified immunity provides individual government officials the right to avoid the pre-trial burden of discovery. *Behrens v. Pelletier*, 516 U.S. 299, 314 (1996). Qualified immunity does not protect local governments from liability. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000) (en banc). A district court order rejecting a qualified immunity defense is a collateral order subject to immediate appellate review insofar as the issue turns on a question of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Hoover v. Radabaugh*, 307 F.3d 460, 465 (6th Cir. 2002). However, the order is not immediately appealable if the district court's determination hinges upon whether or not a genuine issue of material fact remains for trial. *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). "(I)n order for such an interlocutory appeal based on qualified immunity to lie, the defendant must be prepared to overlook any factual dispute and to concede an interpretation of the facts in the light most favorable to the plaintiff's case." *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir. 1998); *see also Hoover*, 307 F.3d at 465. Moreover, this court has pendent appellate jurisdiction to consider other claims on appeal only where there are inextricable links between the claims and the qualified immunity defense properly before this court. *Hoover*, 307 F.3d at 470 (Guy, J., concurring in part).

Qualified immunity protects government officials performing discretionary functions from liability for civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 902 (6th Cir. 1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In order to survive a defendant's assertion of qualified immunity, the plaintiff must allege sufficient facts to show that the defendant's conduct violated a clearly established constitutional right. *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994). "The unlawfulness of the official's actions must be apparent." *Cameron*, 38 F.3d at 272. Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Sova*, 142 F.3d at 902 (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)).

First, only the denial of qualified immunity to the individual defendants with respect to plaintiff's claim that they unlawfully entered plaintiff's home is properly before this court on appeal. Both the district court and plaintiff correctly noted that defendants asserted their qualified immunity defense only with respect to plaintiff's claim that defendants unlawfully entered his home. Thus, defendants' contentions on appeal that they otherwise are entitled to qualified immunity or to summary judgment on other grounds are not properly before this court unless they are inextricably intertwined with the only claim otherwise properly before this court. *See Hoover*, 307 F.3d at 470. Again, the defendant city is not entitled to qualified immunity under any circumstances. *See Holloway*, 220 F.3d at 772.

A brief review of the facts is helpful. Sanders concedes that he was at an apartment he apparently shared with his girlfriend (now wife), Adrian Hill (now Sanders), in violation of a criminal temporary protective order issued by a state court after Hill filed a criminal complaint against Sanders. Defendant O'Brien arrived at the apartment to serve Hill with a subpoena in the matter and saw both Sanders and Hill outside of the apartment in a hallway. O'Brien asked plaintiff Sanders if he was Adrian Hill, but Ms. Hill responded that she was Hill. Plaintiff denies that Hill identified Sanders to officer O'Brien, although both Hill and O'Brien testified that she did identify Sanders. In any event, officer O'Brien returned to his police car to search police records for

plaintiff's name, and O'Brien then returned to the apartment with defendant officer Chris Hill. According to plaintiff, Adrian Hill opened the door after defendants loudly knocked, and defendants immediately proceeded into the apartment without express permission where they arrested plaintiff after a struggle when he refused to identify himself to O'Brien.

Here, the district court correctly concluded that plaintiff adequately alleged his claim that the individual defendants unlawfully entered his home. Viewing the facts in the light most favorable to plaintiff, defendants entered the apartment without permission and without a positive identification of plaintiff. Under these circumstances, the district court correctly concluded that plaintiff adequately alleged a violation of a clearly established Fourth Amendment right. *See Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003). Moreover, plaintiff alleged a violation in a manner that was not merely mistaken, but was purposeful and objectively unreasonable. *See Saucier*, 533 U.S. at 204-06. Although defendants advance forceful arguments in their initial brief that their conduct was objectively reasonable, defendants' initial brief did not concede the required interpretation of the facts in the light most favorable to the plaintiff's case. On the contrary, defendants argued the facts in the light most favorable to themselves in their initial brief, but conceded in their reply brief that they must accept plaintiff's version of the facts. Under the facts as conceded, the record supports the district court's conclusion that defendants are not entitled to qualified immunity. Of course, the defense of qualified immunity may be raised again by the officers and reconsidered by the trier of fact. Finally, defendants' remaining contentions on appeal are not properly before this court because they are not inextricably intertwined with the issue of qualified immunity properly before this court.

For the foregoing reasons, the motion to dismiss is denied, and the district court's order is affirmed.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk